## FOURTH DEPARTMENT, JUNE, 1923.

WILLIAM H. OSBORN and Another, Respondents, v. WILSON & COMPANY, INC., Appellant.— Judgment and order affirmed, with costs, upon the opinion of Cunningham, J., delivered at the Trial Term. [Reported in 118 Misc. Rep. 379.] All concur.

THE CLEVELAND CLIFFS IRON COMPANY, Respondent, v. OTTO KEUSCH and Others, Impleaded with THE TOWNSEND-WARD COMPANY and Others, Appellants.— Order affirmed, with ten dollars costs against each of the appellants filing brief in this court, in addition to disbursements. All concur.

THE CLEVELAND CLIFFS IRON COMPANY, Respondent, v. CHARLES KENNEDY & COMPANY and Others, Appellants, Impleaded with Another.— Order affirmed, with ten dollars costs against each of the appellants filing brief in this court, in addition to disbursements. All concur.

MARGARET MAHL, as Administratrix, etc., of CHARLES MAHL, Deceased, Appellant, v. GENERAL ELECTRIC COMPANY, Impleaded with TONAWANDA POWER COMPANY, Respondent.— Judgment affirmed, with costs. All concur.

MARGARET MAHL, as Administratrix, etc., of CHARLES MAHL, Deceased, Respondent, v. GENERAL ELECTRIC COMPANY, Appellant, Impleaded with TONAWANDA POWER COMPANY.— Judgment affirmed, with costs. All concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. GEORGE MASSEY, Appellant, Impleaded with Others.— Judgment of conviction and order affirmed. All concur, except Sears and Crouch, JJ., who dissent and vote for reversal.

PETER H. HOFFMAN, JR., an Infant, by PETER H. HOFFMAN, His Guardian ad Litem, Respondent, v. THE CITY OF OLEAN, Appellant.— Judgment and order affirmed, with costs. All concur.

HARRY TAYLOR, Respondent, v. NATIONAL SURETY COMPANY, Appellant.— Judgment and order affirmed, with costs. All concur, except Davis, J., who dissents upon the ground that the weight of credible evidence is against the verdict that there was any burglary and on the further ground that the plaintiff kept no books of account as the policy provided, disclosing a record of when and on what accounts he received the bonds, stamps and money that he had taken in.

H. P. ROBERTSON COMPANY, Respondent, v. CITY OF JAMESTOWN, Appellant.— Judgment affirmed, with costs. All concur.

MARGARET SMITH, Respondent, v. E. W. FOLEY CONTRACTING CORPORATION, Appellant.— Judgment and order affirmed, with costs. All concur, except Davis, J., who dissents and votes for reversal and granting a new trial on the ground that the verdict of the jury that the negligence of the defendant was the proximate cause of the accident is contrary to the evidence. Crouch, J., not sitting.

DEXTER SULPHITE PULP AND PAPER COMPANY, Respondent, v. WILLIAM RANDOLPH HEARST, Appellant, Impleaded with Others. (Action No. 1.) — Order affirmed, with ten dollars costs and disbursements, with leave to the defendant Hearst to answer within twenty days upon payment of the costs of the motion and of this appeal. All concur.

DEXTER SULPHITE PULP AND PAPER COMPANY, Respondent, v. WILLIAM RANDOLPH HEARST, Appellant, Impleaded with Others. (Action No. 2.) —

Order modified by striking out the provision for the renewal of the motion at a future time, and as so modified affirmed, without costs of this appeal to either party. All concur.

WYLLYS E. PETTIT, Appellant, v. DANIEL A. ROUSE, Respondent.— Judgment modified by reducing the amount of defendant's damages to $1,023.75 and as so modified affirmed, without costs of this appeal to either party, upon the ground that the evidence of usable value, based upon the gross rental (if that be the basis used by the referee) is erroneous; that under the evidence in this case the only method by which damages for detention can with any degree of certainty be measured, is to allow $787.50 (being thirty-five per cent of $2,250) for depreciation of the new Stewart truck bought by defendant in 1920, plus $236.25 interest on the purchase price thereof for one year and nine months, making $1,023.75 in full compensation for the loss of use of the old truck. The third finding of fact is amended accordingly. The omission of a direction for judgment in the referee's report is also supplied. All concur.

MABEL WOLFF, as Administratrix, etc., of EMIL WOLFF, Deceased, Respondent, v. BUFFALO CEMENT COMPANY, Appellant.— Judgment and order affirmed, with costs. All concur.

JAMES C. KENNEDY, Respondent, v. THE NEW YORK CENTRAL RAILROAD COMPANY, Appellant.— Judgment and order affirmed, with costs. All concur.

MILDRED WEIGAND, an Infant, by ADAM WEIGAND, Her Guardian ad Litem, Respondent, v. THE JACOB DOLD PACKING COMPANY, Appellant.— Judgment and order affirmed, with costs. All concur.

ADAM WEIGAND, Respondent, v. THE JACOB DOLD PACKING COMPANY, Appellant.— Judgment and order affirmed, with costs. All concur.

JAMES EASTWOOD, Respondent, v. THE TOWN OF RED HOUSE, Appellant.— Judgment and order affirmed, with costs. All concur, except Davis and Sears, JJ., who dissent and vote for reversal.

CITY OF SYRACUSE, Respondent, v. NATIONAL SURETY COMPANY, Appellant.— Judgment and order affirmed, with costs. All concur.

LOUIS ROSSI, Respondent, v. THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, Appellant.— Judgment and order affirmed, with costs, on the authority of *Foryciarz* v. *Prudential Ins. Co.* (95 Misc. Rep. 306; affd., 177 App. Div. 952). All concur.

JOSEPHINE JOHNSON, Respondent, v. MAY F. GUERNSEY and Another, as Administrators, etc., of JARED B. FLISHER, Deceased, Appellants, Impleaded with Another.— Interlocutory judgment reversed on the law, without costs of this appeal to either party, and a new trial granted before another referee upon the ground that a complete determination of the controversy cannot be had without the presence of other parties. Whether the interest of Dora E. Flisher under the trust agreement was a vested or contingent remainder was a question which, in the absence of her personal representatives and heirs, may not be determined so as to bind them. (Civ. Pr. Act, § 193; *Elias* v. *Schweyer*, 13 App. Div. 336; *Thompson* v. *N. Y. El. R. R. Co.*, 16 id. 449.) All concur.

VALENTINE KRZYMINSKI, Respondent, v. INTERNATIONAL RAILWAY COMPANY, Appellant.— Judgment and order reversed on the facts and new trial granted, with costs to appellant to abide event, unless the plaintiff shall, within twenty days, stipulate to reduce the verdict to the sum of $3,500, in which event the